**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHUA DEIGHTON, on his own behalf and on behalf of his beneficiary son, C.D., and all others similarly situated, | Case No. 2:21-cv-07558-DMG-PVCx |
| Plaintiff, | **STIPULATED HIPAA QUALIFIED PROTECTIVE ORDER** |
| v. | |
| AETNA LIFE INSURANCE COMPANY | |
| Defendant. | |

1. <u>INTRODUCTION</u>

    1.1   <u>PURPOSES AND LIMITATIONS</u>

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment

under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2    GOOD CAUSE STATEMENT

This action concerns a claim that Defendant improperly denied health benefits due under group health plans governed by ERISA.  Thus, the information produced in discovery will likely contain personal and health information, including documentation regarding the medical/mental health issues underlying the claims and correspondence regarding Defendant's decision to deny benefits relating to those conditions.  Disclosure of this information publicly would intrude upon the right to privacy in medical information of Plaintiff and the unnamed class members.

1.3    HIPAA AND PRIVACY PROTECTIONS

This Protective Order is a qualified protective order under Title 45 Code of Federal Regulations § 164.512(e)(1)(v).  The parties acknowledge that the information produced in discovery, regardless of its designation under this Order, may contain personal and health information protected from disclosure under various laws, including the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the applicable requirements of the Standards for Privacy of Individually Identifiable Health Information and its implementing regulations issued by the U.S. Department of Health and Human Services (45 C.F.R. Parts 160-64; HIPAA Privacy Regulations), and California Civil Code §§ 56 et seq., and 1798.82 et seq. (collectively "Privacy Laws"), which protect the confidentiality of individually identifiable personal and health information ("Protected Information"). The parties and all third-party signatories to this Protective Order agree to take all measures necessary to comply with the requirements of the Privacy Laws and any other applicable laws governing the privacy of personal and health information.

Such measures include, but are not limited to, the development, implementation, maintenance and use of appropriate administrative, technical and physical safeguards, in compliance with the Privacy Laws and applicable state and federal laws, to preserve the integrity, confidentiality, and availability of Protected Information.  The parties and all third party signatories to this Protective Order expressly agree that the citations to the Privacy Laws in this paragraph are for convenience only and that it remains the obligation of each party to the action and third-party signatory to understand and comply with the obligations imposed by the Privacy Laws and any other potentially applicable state and federal law.

The parties acknowledge that information produced in discovery may contain personal and health information subject to the protections of 42 C.F.R. Part 2, because it may identify a patient as an alcohol or drug abuser either directly, by reference to other publicly available information, or through verification of such identification by another person ("Protected Substance Abuse Information"). 42 C.F.R. Part 2 prohibits the use of Protected Substance Abuse Information as evidence in a non-criminal case without first providing notice to the patient and an opportunity to respond, unless, upon application by any person having a legally recognized interest in the disclosure, the Court issues an order authorizing the disclosure of the specified patient records.

The parties agree that Defendant will redact personally identifying information about the absent putative class members prior to producing Protected Substance Abuse Information to the extent practicable, including member names, addresses, dates of birth, social security numbers, and member or subscriber ID numbers. Member or subscriber ID numbers will be (1) partially redacted, leaving unredacted at least that portion of the numbers that allows the parties to distinguish between members or subscribers, or (2) randomized in such a way that the member's masked ID number will be consistently masked such that the parties can identify documents relating to a common member. The parties recognize that the

1    name of the members' health plan; the date(s) and location of treatment; and date(s)

2    of benefit coverage determination(s) may be relevant to the parties' assessment of

3    this case, and therefore agree that such information will not be redacted prior to

4    production. The parties believe that, as redacted, this discovery no longer constitutes

5    Protected Substance Abuse Information. In the event that Protected Substance

6    Abuse Information is disclosed within the unredacted portions of the discovery

7    information, individual notice to the putative class members is deemed to be

8    impractical and inadvisable and good cause for the order exists. Any disclosure of

9    the information subject to the criteria and procedures specified in 42 CFR § 2.64

10   shall be designated as "CONFIDENTIAL" with the associated protections and

11   restrictions set forth in this Stipulated Protective Order.

12   2.    DEFINITIONS

13   2.1    Action: *Deighton et al. v. Aetna Life Insurance Co.*, Case No. 2:21-cv-

14   07558-DMG-PVC (C.D. Cal.).

15   2.2    Challenging Party:  a Party or Non-Party that challenges the

16   designation of information or items under this Order.

17   2.3    "CONFIDENTIAL" Information or Items:  confidential or proprietary

18   technical, scientific, financial, business, health, or medical information designated as

19   "CONFIDENTIAL" by the producing party(regardless of how it is generated, stored

20   or maintained). This includes trade secrets, customer and pricing lists and other

21   valuable research, development, commercial, financial, technical and/or proprietary

22   information for which special protection from public disclosure and from use for

23   any purpose other than prosecution of this action is warranted.

24   2.4    Confidential Health Information: a subset of Confidential Information,

25   and shall be designated as "CONFIDENTIAL HEALTH INFORMATION" and

26   subject to all other terms and conditions governing the treatment of Confidential

27   Information, as well as the HIPAA and privacy protections described above in

28   Paragraph 1.3.  "Confidential Health Information" shall mean information supplied

in any form or in any portion that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. Confidential Health Information shall include, but is not limited to, claim data, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164 promulgated under HIPAA (*see* 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

(a)  names;

(b)  all geographic subdivisions smaller than a State, including street address, city, county, precinct, and ZIP code;

(c)  all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

(d)  telephone numbers;

(e)  fax numbers;

(f)  electronic mail addresses;

(g)  social security numbers;

(h)  medical record numbers;

(i)  health plan beneficiary numbers;

(j)  account numbers;

(k)  certificate/license numbers;

(l)  vehicle identifiers and serial numbers, including license plate numbers;

(m)  device identifiers and serial numbers;

(n)  web universal resource locators ("URLs");

1    (o)  internet protocol ("IP") address numbers;

2    (p)  biometric identifiers, including finger and voice prints;

3    (q)  full face photographic images and any comparable images; and/or

4    (r)  any other unique identifying number, characteristic, or code.

5    2.5    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as

6 their support staff).

7    2.6    <u>Designating Party</u>:  a Party or Non-Party that designates information or

8 items that it produces in disclosures or in responses to discovery as

9 "CONFIDENTIAL."

10    2.7    <u>Disclosure or Discovery Material</u>:  all items or information, regardless

11 of the medium or manner in which it is generated, stored, or maintained (including,

12 among other things, testimony, transcripts, and tangible things), that are produced or

13 generated in disclosures or responses to discovery in this matter.

14    2.8    <u>Expert</u>:  a person with specialized knowledge or experience in a matter

15 pertinent to the litigation who has been retained by a Party or its counsel to serve as

16 an expert witness or as a consultant in this Action.

17    2.9    <u>House Counsel</u>:  attorneys who are employees of a party to this Action.

18 House Counsel does not include Outside Counsel of Record or any other outside

19 counsel.

20    2.10    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or

21 other legal entity not named as a Party to this action.

22    2.11    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a

23 party to this Action but are retained to represent or advise a party to this Action and

24 have appeared in this Action on behalf of that party or are affiliated with a law firm

25 which has appeared on behalf of that party, and includes support staff.

26    2.12    <u>Party</u>:  any party to this Action, including all of its officers, directors,

27 employees, consultants, retained experts, and Outside Counsel of Record (and their

28 support staffs).

2.13   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.:

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing

Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable

1  efforts to assure that the material is treated in accordance with the provisions of this
2  Order.

3  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

4       6.1   Timing of Challenges. Any Party or Non-Party may challenge a
5  designation of confidentiality at any time that is consistent with the Court's
6  Scheduling Order.

7       6.2   Meet and Confer.  The Challenging Party will initiate the dispute
8  resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1
9  et seq.

10      6.3   The Burden Upon a Challenge. The burden of persuasion in any such
11 challenge proceeding will be on the Designating Party.  Unless the Designating
12 Party has waived or withdrawn the confidentiality designation, all parties will
13 continue to afford the material in question the level of protection to which it is
14 entitled under the Producing Party's designation until the Court rules on the
15 challenge.

16 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

17      7.1   Basic Principles. A Receiving Party may use Protected Material that is
18 disclosed or produced by another Party or by a Non-Party in connection with this
19 Action only for prosecuting, defending, or attempting to settle this Action.  Such
20 Protected Material may be disclosed only to the categories of persons and under the
21 conditions described in this Order. When the Action has been terminated, a
22 Receiving Party must comply with the provisions of section 13 below (FINAL
23 DISPOSITION).

24      Protected Material must be stored and maintained by a Receiving Party at a
25 location and in a secure manner that ensures that access is limited to the persons
26 authorized under this Order.

27      7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless
28 otherwise ordered by the court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation
that compels disclosure of any information or items designated in this Action as
"CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification
will include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order
to issue in the other litigation that some or all of the material covered by the
subpoena or order is subject to this Protective Order.  Such notification will include
a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be
pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with
the subpoena or court order will not produce any information designated in this
action as "CONFIDENTIAL" before a determination by the court from which the
subpoena or order issued, unless the Party has obtained the Designating Party's
permission.  The Designating Party will bear the burden and expense of seeking
protection in that court of its confidential material and nothing in these provisions
should be construed as authorizing or encouraging a Receiving Party in this Action
to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-
Party in this Action and designated as "CONFIDENTIAL."  Such information
produced by Non-Parties in connection with this litigation is protected by the
remedies and relief provided by this Order.  Nothing in these provisions should be
construed as prohibiting a Non-Party from seeking additional protections.

12

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1 Confidential Information. In the event of an inadvertent disclosure of another party's Confidential Information to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (a) notify the person to whom the disclosure was made that it contains Confidential Information subject to this Order; (b) make all reasonable efforts to preclude dissemination or use of the Confidential Information by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (c) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

11.2 Privileged Information. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection not otherwise covered by Paragraph 11.1, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record  unless otherwise instructed by the court.

13.    <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, and provide the Designating Party with certification of such return or destruction. Correspondence from counsel for the Receiving Party representing that all such material has been returned or destroyed shall constitute proper certification.  Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or

constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    <u>VIOLATION</u>

Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

FOR GOOD CAUSE SHOWN BY THE PARTIES' STIPULATION, IT IS SO ORDERED.

DATED: January 21, 2022

_____
HON. PEDRO V. CASTILLO
United States Magistrate Judge

16

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [**insert case name and number**]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____